DOLORES COTTO VARGAS, Petitioner, v. DISTRICT COURT OF GUAYAMA, Respondent.

No. 1117. Argued December 8, 1937.—Decided January 28, 1938.

M. *Guzmán Texidór* for petitioner. *C. Domínguez Rubio* and *L. Domínguez Rovira* for interverner, plaintiff in the main action.

MR. JUSTICE WOLF delivered the opinion of the Court.

On November 25, 1936, Guillermo Garáu Pascual filed a summary mortgage foreclosure proceeding in the District Court of Guayama against Félix Cotto Vargas, Dolores Cotto Vargas and other unknown heirs of Valentina Cotto Vargas, to recover the amount of a mortgage loan which had been contracted by Valentina Cotto Vargas under deed of December 8, 1928. In due course of the proceeding the court issued an order of sale and the marshal thereafter fixed the 30th of March, 1937, as the date for such sale. On March 12, 1937, the defendants moved to set aside the order of sale on the ground that altough the proceeding had been filed on Novem-

ber 25, 1936, the provisions of Act No. 81 of May 13, 1936 (Laws, p. 432, 436), had not been followed. The pertinent part of the Act is as follows:

"Creditors who have their rights recorded prior to the time the law goes into effect, may elect this summary procedure; but when the titles of their claims do not state the agreement of the debtor to a definite price for the auction, they must establish this agreement by means of a public instrument, or request a valuation, in accordance with the Law of Civil Procedure, in order to prepare the announcement of the sale; the rules of this section fixing the upset price for the protection of preferred claims being understood to be always applicable. The proceedings for the appointment of an expert shall be had at the time demand for payment is made and shall relate to the same persons on whom such demand is to be served."

The defendants claimed that the deed fixed no value to the mortgaged premises and that neither of the above methods of correcting that omission had been carried into effect. Acting Judge Luis Janer, on March 29, 1937, granted the motion of the debtors and proceeded to annul the whole proceeding. On reconsideration before the titular judge Gabriel Castejón, the former order was reversed and the foreclosure ordered to proceed to a finish. This order, which was appealed to this Court, bore date of May 1, 1937. The appeal was dismissed by us on November 3, 1937, on the ground that the order was unappealable under the law. One of the defendants, Dolores Cotto Vargas, then filed the present petition for certiorari on November 11, 1937, a writ having issued on the following day.

Two important issues are before us for determination. One concerns the permissibility of an interruption or suspension of a summary foreclosure proceeding for a reason not expressed in Section 175 of the Regulations of the Mortgage Law, and the other involves an interpretation of various enactments of our Legislature and their effect.

Before 1893 a mortgage creditor had no necessity of making a previous assessment or valuation of the property

in the deed. Section 127 of the Mortgage Law of 1893, however, provided for such an assessment and Section 175 of the Regulations offered a manner in which to cure such an omission as to mortgages executed prior to such statute if they were to be summarily foreclosed. Then came the Act of March 9, 1905, providing for the mode in which to obtain the satisfaction of judgments. From 1905 until 1931 it became unnecessary for secured creditors and debtors to agree in the mortgage deed or thereafter upon a price to be fixed to the mortgaged property. In 1931, the Legislature approved Act No. 69 of 1931 (Laws, p. 442) which reenacted Section 127 of the Mortgage Law in the sense that it required mortgage deeds once more to recite the valuation to be given to the premises upon the first foreclosure sale and amended it in that it required more than one auction sale. As a result of this Act, which this Court in the case of *Iglesias* v. *Registrar,* 43 P.R.R. 18, held was prospective, it was subsequently decided that if a mortgage deed was executed after its enactment without reciting therein the valuation of the property, the mortgage creditor was limited to an ordinary suit to foreclose his mortgage and barred from exercising the summary proceeding. *Emanuelli* v. *District Court,* 49 P.R.R. 756.

The Act of 1936 (No. 81, supra) from which we have already quoted, raised the real doubt or conflict on which the two lower court judges differed. Mr. Justice Janer held that the act was enacted in very general terms and covered any and all mortgage contracts then still in existence. Mr. Justice Castejón decided that the Act of 1936 was of a transitory nature, the purpose of which was to offer those creditors who had mortgages recorded prior to the Mortgage Law of 1893 (*sic*) an opportunity to use the summary foreclosure proceeding if they so chose.

We have read the Acts of 1931 and 1936 carefully, and have interpreted their enactment as expressive of a legislative intent to put into force a complete system for the valuation

of property before sale, somewhat similar to that existing between 1893 and 1905. We think the Act of 1936 covers all mortgages recorded prior to its enactment. Furthermore, it is our opinion that the Act is retroactive and merely effects the procedure to be followed in the summary foreclosure of a mortgage, when the deed does not express the minimum price at which the property will be put up at the first foreclosure sale. Such an interpretation leads toward the establishment of a uniform procedure for all summary foreclosures of a mortgage.

The principal doubt that we have had is whether the debtor should be allowed a writ of certiorari instead of his ordinary remedy under Section 175 of the Mortgage Law Regulations, i. e. a plenary suit. Ordinarily this Court has not and will not put an obstacle in the way of a summary foreclosure under the Mortgage Law, but the question involved is of such importance that its decision will mark the procedure for numerous suits to come, and as we are convinced that the mortgage foreclosure proceeding could be set aside for the failure to reach a valuation precedent to sale, we do not think that the debtor should be obliged to file a plenary suit.

Therefore the order of Judge Castejón of May 1, 1937, is annulled and the order of Judge Janer of March 30, 1937, is likewise annulled in so far as it annuls the foreclosure proceeding from its inception and the case will be sent back for further proceedings in accordance with the provisions of section 175 of the Regulations of the Mortgage Law as amended by Act No. 81 of 1936.

Mr. Justice Córdova Dávila took no part in the decision of this case.